**SO ORDERED.**

**SIGNED this 26 day of March, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WILMINGTON DIVISION

| | |
|---|---|
| **IN RE:** | |
| **TINA MARIE MANGIN,** | Case No. 04-02335-8-JRL |
| **Debtor.** | |
| | |
| **ALEGERNON L. BUTLER, JR.,** | Adversary Proceeding No.: |
| Trustee in Bankruptcy for Tina | L-06-00102-8-AP |
| Marie Mangin, | |
| v. | |
| **STEVE B. MANGIN and** | |
| **RBC CENTURA BANK,** | |
| **Defendants.** | |

_____

## ORDER

This case is before the court on the motion to dismiss filed by defendant Steve Mangin.

The court conducted a hearing on this matter in Wilmington, North Carolina on March 13, 2007.

## BACKGROUND

The debtor and Mr. Mangin were married on October 27, 1989. On July 24, 1998, the

debtor and Mr. Mangin purchased property located at 217 Colquitt Drive, Wilmington, North

Carolina ("Property"). The Property was purchased in their joint names as tenants by the entirety. On October 22, 2002, a consent order was entered by the debtor and Mr. Mangin in the General Court of Justice, District Court Division for the County of New Hanover. The consent order provided for the equitable distribution of the real property of the debtor. Specially, the consent order provided that Mr. Mangin "shall have as his sole and separate property the former marital residence located at 217 Colquitt Drive, Wilmington, North Carolina. However, in the event Defendant decides to sell the home at a later date, the parties agree the net proceeds shall be split equally, less the costs of any home improvements." The consent order also provided the Mr. Mangin was to own the Property free of any claims of the debtor. The debtor filed chapter 7 on March 22, 2004. The debtor and Mr. Mangin never divorced.

On June 13, 2005, a deed of trust was recorded in New Hanover County Registry, that was executed by the debtor and Mr. Mangin in favor of RBC Centura Bank. The deed of trust secured an advance and a note which was solely in the name of Mr. Mangin in the amount of $238,400, and it granted RBC Centura Bank a lien and security interest in the Property. A monthly later, the debtor again joined with Mr. Mangin in execution of a deed of trust to RBC Centura Bank. This deed of trust was recorded on July 6, 2005, and secured an advance and a note which was solely in the name of Mr. Mangin in the amount of $29,800. It also granted RBC Centura Bank a lien and security interest in the Property.

On May 25, 2006, the trustee filed this adversary proceeding. In the complaint, the trustee asserts that the debtor's execution of the deeds of trust were unauthorized post petition transfers of property of the estate. The trustee, therefore, contends that the transfers are avoidable pursuant to 11 U.S.C. § 549. On June 26, 2006, Mr. Mangin filed a motion to dismiss.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b)(6), a complaint should not be dismissed for failure to state a claim upon which relief can be granted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). In making that determination, the court must accept as true all pleaded allegations and view the complaint in the light most favorable to the plaintiff. Hatfill v. The New York Times Co., 416 F.3d 320, 329 (4th Cir. 2005).

**ANALYSIS**

Pursuant to 11 U.S.C. § 549 the trustee may avoid post petition property transfers. Specifically, the trustee may avoid a transfer of property of the estate, if the transfer occurs after the case has commenced, and the transfer was not authorized by the Bankruptcy Code or by the court. 11 U.S.C. § 549.

The trustee asserts that the consent order severed the entireties' interest in the Property previously held by the debtor and Mr. Mangin. The consent order entitles the debtor to one-half of the net proceeds minus the costs of home improvements, if Mr. Mangin decides to sell the Property. The trustee contends that when the debtor joined with Mr. Mangin in granting RBC Centura Bank a security interest in the Property, this transfer diminished the debtor's interest in one-half of the net equity then existing in the Property.

For this purpose of this motion, the court will accept the trustee's theory, that the consent order severed the debtor and Mr. Mangin's interests in the Property as tenants by the entirety, as

3

correct. Therefore, Mr. Mangin is the sole owner of the Property, and the debtor has a contingent interest in one-half of the net proceeds less the costs of any home improvements. The debtor's ultimate right to receive one-half of the net proceeds is dependent on Mr. Mangin selling the Property. The debtor's estate is subject to these rights and her filing bankruptcy did not enlarge them. There are no allegations that Mr. Mangin has sold or has any intent to sell the Property, and the damage to this contingent property interest is illusory.

Even more importantly, under the trustee's theory these transfers are not prohibited. The Property is owned by Mr. Mangin and nothing in the consent order prohibits him from refinancing this Property. The debtor's property interest is in no way impaired. The execution of the deeds of trust have not changed the rights given to the debtor under the consent order. If Mr. Mangin ever decides to sell the Property, the debtor may still be entitled to her one-half of the net proceeds less the costs of any home improvements, as provided by the consent order.[1]

## **CONCLUSION**

Based on the evidence before the court, the transfers are not avoidable. Therefore,

---

[1] If this case went to trial, the court is not persuaded the consent order is a conveyance. The Court of Appeals of North Carolina recently provided some guidance of when a consent order is not a conveyance. Martin v. Roberts, 628 S.E.2d 812 (N.C. Ct. App. 2006). In *Martin*, the consent order provided that the plaintiff "shall receive sole ownership of the parties' farm, and the Defendant agrees to transfer his interest in the farm to the person of the Plaintiff, via General Warranty Deed, within thirty (30) days of this Agreement [.]" Id. at 815. The court held that the language was insufficient to constitute a conveyance of the defendant's interest in the property. Id. at 816. The consent order did not set forth a legal description of the property, and it provided for the defendant to convey his interest on a future date. Id. Additionally, the court noted that the consent order was not filed with the register of deeds, and did not provide recorded notice of the transfer. Id. Applying the Martin analysis to this case, the court is not convinced that the consent order severed the debtor's tenants by the entirety interest in the property. If the debtor and Mr. Mangin still own the property as tenants by the entirety then the refinancing may amount to no more then encumbering exempt property.

defendant Steve Mangin's motion to dismiss is ALLOWED.

"END OF DOCUMENT"